IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JAY CONZEMIUS, SABINA CONZEMIUS,

              Plaintiffs,

      v.

NVR, INC.,

              Defendant.

2:25-CV-00009-CCW

## OPINION

Plaintiffs, Jay and Sabina Conzemius, claim that Defendant, NVR, Inc., breached its contractual obligations under a 2012 Purchase Agreement executed in connection with the purchase of Plaintiffs' home.  ECF No. 1-4.  Plaintiffs assert claims against NVR for breach of contract, breach of warranty, negligence, and for violating Pennsylvania's Unfair Trade Practices and Consumer Protection Law (the "UTPCPL").  NVR now moves for summary judgment on all Plaintiffs' claims.  ECF No. 30.  For the reasons that follow, the Court will grant NVR's Motion.

### I.    Material Facts

The following facts are taken from the parties' Concise Statements of Material Fact ("CSOMF"), ECF Nos. 34-1, 36, and are undisputed unless otherwise noted.[1]

This lawsuit arises out of Plaintiff Jay Conzemius' purchase of a home from Defendant, NVR, Inc.  ECF No. 34-1 ¶¶ 1–2.  In July 2012, Mr. Conzemius and NVR entered into an agreement wherein Mr. Conzemius agreed to purchase a home NVR would construct in Bethel Park, Pennsylvania (the "Purchase Agreement").  *Id.* ¶ 3.  The Purchase Agreement included a "contractual limitations clause" (the "CLC") providing that any claims "arising out of or relating

---

[1] Plaintiffs responded to Defendants' CSOMF and offered their own standalone CSOMF at ECF No. 34-1.  NVR replied to Plaintiffs' CSOMF at ECF No. 36.

to" the Purchase Agreement must be filed within one year from the date when such claim accrues. *Id*. ¶ 11. Following a pre-settlement walkthrough, at which Mr. Conzemius noted certain issues with the home, Mr. Conzemius and his wife Sabina  took possession of the home on January 30, 2013. *Id.* ¶ 19.

Plaintiffs discovered a "dramatic crack in the foundation walls and elsewhere in the home" in 2017. *Id.* ¶ 25–27; *see also* ECF No. 1-4 ¶ 4. Plaintiffs informed NVR of the cracks, and NVR installed crack monitors throughout the home's basement in early 2018. ECF No. 34-1 ¶ 40. Around that time, NVR met with Plaintiffs at the home. *Id.* ¶ 44. Plaintiffs claim that, during this meeting, Plaintiffs and NVR verbally agreed to toll the statute of limitations applicable to any claims arising from the alleged defects in Plaintiffs' home for a period of two years, during which time the parties would monitor the cracks. ECF No. 36 ¶ 61. NVR denies entering into any such agreement. *Id*.

Plaintiffs filed the instant lawsuit in the Washington Court of Common Pleas on September 9, 2024, asserting claims against NVR for breach of contract, breach of warranty, negligence, and for violating Pennsylvania's Unfair Trade Practices and Consumer Protection Law (UTPCPL). ECF No. 1-2 at 4. Plaintiff served NVR with the Complaint on December 4, 2024. ECF No. 1-4 at 11. NVR removed the lawsuit to this Court on January 3, 2025.[2] NVR now moves for summary judgment on all of Plaintiffs' claims. ECF No. 30. The Motion is fully briefed and ripe for resolution. ECF Nos. 31, 34–35.

## II.    Legal Standard

To prevail on a motion for summary judgment, the moving party must establish that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of

---

[2] NVR properly removed pursuant to 28 U.S.C. § 1441. ECF No. 1. This Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1332, as the parties are diverse and the amount in controversy exceeds $75,000.

law." Fed. R. Civ. P. 56(a). "A factual dispute is 'genuine' if the 'evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Razak v. Uber Techs., Inc.*, 951 F.3d 137, 144 (3d Cir. 2020) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "A factual dispute is 'material' if it 'might affect the outcome of the suit under the governing law.'" *Id.* (quoting *Anderson*, 477 U.S. at 248). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *NAACP v. N. Hudson Reg'l Fire & Rescue*, 665 F.3d 464, 475 (3d Cir. 2011) (alteration omitted) (quoting *Matsushita Elect. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

The burden to establish that there is no genuine dispute as to any material fact "remains with the moving party regardless of which party would have the burden of persuasion at trial." *Aman v. Cort Furniture Rental Corp.*, 85 F.3d 1074, 1080 (3d Cir. 1996) (internal quotation marks omitted). Furthermore, "[i]f the non-moving party bears the burden of persuasion at trial, 'the moving party may meet its burden on summary judgment by showing that the nonmoving party's evidence is insufficient to carry that burden.'" *Kaucher v. Cnty of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006) (quoting *Wetzel v. Tucker*, 139 F.3d 380, 383 n.2 (3d Cir. 1998)).

Once the moving party has carried its initial burden, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 586–87. Thus, while "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor[,]" *Anderson*, 477 U.S. at 255, "Rule 56(e) . . . requires the nonmoving party to go beyond the pleadings" and point to "'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (citation omitted). But, while the court must

"view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor . . . to prevail on a motion for summary judgment, the non-moving party must present more than a mere scintilla of evidence. . . ." *Burton v. Teleflex Inc.*, 707 F.3d 417, 425 (3d Cir. 2013) (internal citations omitted). Instead, "there must be evidence on which the jury could reasonably find for the non-movant." *Id*. (cleaned up). If the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to [the non-movant's] case, and on which [the non-movant] will bear the burden of proof at trial," Rule 56 requires the entry of summary judgment because such a failure "necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322–23; *Jakimas v. Hoffmann La Roche, Inc.*, 485 F.3d 770, 777 (3d Cir. 2007).

## III.  Discussion

The parties agree that Pennsylvania law governs their dispute. *See Assicurazioni Generali, S.P.A. v. Clover*, 195 F.3d 161, 164 (3d Cir. 1999) (holding when parties agree, either explicitly or implicitly, on the relevant law to apply, the district court in a diversity action shall apply that law). NVR argues it is entitled to summary judgment on all Plaintiffs' claims for three reasons. First, NVR contends that Plaintiffs' claims are barred by a contract limitation clause (the "CLC") in the Purchase Agreement that requires all claims arising from the agreement to be brought within one year from settlement. ECF No. 31 at 5–9. Next, NVR argues that Plaintiffs' claims are time-barred pursuant to the relevant statutes of limitations. *Id*. at 9–13. Finally, NVR contends that Plaintiffs have no evidence of damages. *Id*. at 13–20. Because the Court concludes that Plaintiffs' claims are time-barred, it will not consider NVR's other asserted bases for summary judgment.

NVR contends that Plaintiffs discovered all alleged defects in their home by 2017. *Id.* at 10–11. NVR further contends that Plaintiffs' claims are subject to the following statute of limitations:  four years for Plaintiffs' breach of contract and warranty claims;  two years for

Plaintiffs' negligence claim pursuant;  and six years for Plaintiffs' UTPCPL claim.  *Id.* at 9. Because Plaintiffs did not file the instant suit until 2024, seven years after Plaintiffs' most recent discovery of alleged defects, NVR argues that Plaintiffs' claims are time-barred.  *Id.* at 6, 9–13.

While Plaintiffs dispute whether their claims are time-barred, their arguments regarding the statute of limitations are difficult to discern.[3]  However, Plaintiffs appear to contend the parties executed an agreement to toll the statute of limitations.  *See id.* at 6 (asserting that "[t]here is a material question of fact regarding the agreement to hold litigation in abeyance" and that "Pennsylvania has no requirement that an agreement to hold litigation in abeyance (a/k/a/ a 'tolling agreement') be in writing.");  *see also* ECF No. 1-4 (allegation in Complaint that, in 2017, "[t]he parties agreed to hold any legal action in abeyance until the crack monitoring was complete[.]").

The Court concludes that all of Plaintiffs' claims are barred by the applicable statute of limitations.  Plaintiffs acknowledge that the most-recently discovered defects in their home came to light in 2017.  ECF No. 34-1 ¶ 25.  Therefore, the statute of limitations applicable to Plaintiffs' claims began to run in 2017.  *See McLaughlin v. Int'l Bhd. of Teamsters, Loc. 249*, 641 F. Supp. 3d 177, 195 (W.D. Pa. 2022) (Stickman, J.) (explaining that, under Pennsylvania law, "the statute of limitations does not begin to run until 'the plaintiff discovers, or with due diligence should have discovered, the injury that forms the basis for the claim.'") (quoting *Romero v. Allstate Corp.*, 404

---

[3] For example, the section of Plaintiff's brief addressing the statute of limitations issue contains the following language:

> Each written agreement to repair a defect or overcome a breach was a modification/addendum/change order to the contract, meaning that the original contract was not yet complete, or a separate repair contract with its own statute of limitations.  And, this is not even a situation in which there is a need to argue that the requirement for a writing has been waived by conduct (which it has).  While there were various verbal agreements, in general (sadly, there were exceptions), NVR politely entered into written agreements.  By refusing to engage in a global resolution and, instead, entering into multiple little repair contracts, NVR has shifted the meaning of its NVR-drafted, take-it-or-leave-it contract. No case law could be identified addressing this situation.

ECF No. 34 at 12. The Court is completely unable to discern the argument the foregoing language is intended to make.

F.3d 212, 222 (3d Cir. 2005)).  Under Pennsylvania law, claims for breach of contract and warranty "must be commenced within four years" of such claim accruing.  42 Pa. C.S.A. § 5525(a)(1).  Claims for negligence must be commenced within two years.  42 Pa. C.S.A. § 5524(2).  And claims asserted under Pennsylvania's UTPCPL must be commenced within six years.  *See* § 5524(7); *El-Gharbaoui v. Ajayi*, 260 A.3d 944, 962 n.21 (2021) ("A UTPCPL claim is subject to a 6-year statute of limitations.").  Thus, the deadline for Plaintiffs' claims expired:  (1) in 2021, for the breach of contract and warranty claims;  (2) in 2019, for the negligence claim;  and (3) in 2023, for the UTPCPL claim.  Because Plaintiffs did not file suit until September 9, 2024, all their claims are time-barred.  ECF No. 1-5 at 2.

Furthermore, while Plaintiffs contend the parties agreed to toll the statute of limitations, Plaintiffs do not identify any evidence in the record supporting the existence of such an agreement.  Plaintiffs' CSOMF contains multiple references to the supposed tolling agreement, but none of those references are supported with citations to the record.  *See* ECF No. 34-1 ¶¶ 39, 44, 45, 61.[4]  And "[a]n assertion contained in a brief, absent a citation to the evidentiary record, does not constitute evidence."  *Prise v. Alderwoods Grp., Inc.*, 657 F. Supp. 2d 564, 626 (W.D. Pa. 2009) (Conti, J.).  Because Plaintiffs fail to identify evidence supporting the existence of a valid tolling

---

[4] Indeed, Plaintiffs' entire CSOMF includes just one citation to the record.  ECF No. 34-1 ¶ 69.  While Plaintiffs' CSOMF lacks any record citations, Defendant's CSOMF includes a citation to testimony from Jay Conzemius' deposition in which Mr. Conzemius testified about the existence of the alleged tolling agreement.  *Id*. ¶ 44.  Nevertheless, the Court concludes that, even if Plaintiffs had cited to Mr. Conzemius' deposition testimony to support their assertion that the parties executed a valid tolling agreement, such testimony is insufficient for a reasonable juror to find that a tolling agreement existed.  *See Brauner v. Medscope Am. Corp.*, No. 24-CV-6512, 2026 WL 592380, at *12 (E.D. Pa. Mar. 2, 2026) ("[I]n order to defeat a properly supported motion for summary judgment, a plaintiff cannot simply rely on vague, self-serving statements which are unsupported by specific facts in the record." (quoting *Heffron v. Adamar of New Jersey, Inc.*, 270 F. Supp. 2d 562, 574–75 (D.N.J. 2003)).

agreement, the Court concludes that Plaintiffs' claims are time-barred.[5]   Accordingly, NVR is entitled to summary judgment on all of Plaintiffs' claims.[6]

## IV.   Conclusion

For the foregoing reasons, the Court will GRANT NVR's Motion for Summary Judgment on all of Plaintiffs' claims and DISMISS the Complaint WITH PREJUDICE.

DATED this 10th day of June, 2026.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record

---

[5] NVR also argues that, because Plaintiffs claim the alleged tolling agreement was made verbally rather than in writing, any such agreement was invalid.  NVR invokes *United States ex rel. Small Business Admin. V. Stanko*, 1992 WL 211550, *18 (E.D. Pa. Aug. 25, 1992) for the proposition that "under Pennsylvania law, any agreement" to toll the statute of limitations "must be in writing."  ECF No. 31 at 11.  But *Stanko* addressed whether a written acknowledge of debt tolls the statute of limitations applicable to debt collection actions brought by the federal government under 28 U.S.C. § 2415.  *Stanko* did not hold that Pennsylvania law requires a tolling agreement to be in writing, and Pennsylvania law does not appear to have any such requirement.  *See* 13 Pa. C.S.A. § 2201.

[6] Because the Court concludes that all of Plaintiffs' claims are time-barred, it need not consider NVR's arguments that Plaintiffs' claims are barred by the CLC and that Plaintiffs lack evidence of damages.